| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| María I. De León Monrouzeau<br><br>Recurrente<br><br>v.<br><br>Negociado de Seguridad de Empleo (NSE)<br><br>Recurridos | KLRA202300608 | Revisión Judicial procedente del Departamento del Trabajo y Recursos Humanos Negociado de Seguridad de empleo<br><br>Caso Núm: A-01779-23S<br><br>Sobre: Inelegibilidad a los beneficios del Seguro Por Desempleo Sección 4(b)(3) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2024.

### I.

El 27 de noviembre de 2023, la señora María L. De León Monrouzeau (señora De León Monrouzeau o recurrente) presentó, por derecho propio, una *Solicitud de revisión administrativa* en la que solicitó que revisemos una *Decisión del Secretario del Trabajo y Recursos Humanos* emitida por la Oficina de Apelaciones ante el Secretario del Trabajo y Recursos Humanos (Oficina de Apelaciones ante el Secretario) el 5 de octubre de 2023.[1] En la decisión, se validó una *Determinación* dictada por la División de Apelaciones de la agencia, que a su vez confirmó la determinación del Negociado de Seguridad de Empleo (NSE o parte recurrida) el 16 de mayo de 2023 en la que, a su vez, denegó una solicitud de beneficios por desempleo promovida por la recurrente.

---

[1] Apéndice de la *Solicitud de revisión administrativa*, Anejo 15.

El 29 de noviembre de 2023, emitimos una *Resolución* en la que le concedimos al Departamento del Trabajo y Recursos Humanos (DTRH) hasta el 27 de diciembre de 2023 para presentar su alegato en oposición.

El 27 de diciembre de 2023, Atenas Community Health Center, Inc. (ACHC), patrono de la señora De León Monrouzeau, radicó una *Solicitud de intervención y autorización para presentar Alegato del patrono en oposición a solicitud de revisión* en la que nos solicitó que autorizáramos su intervención en el caso y la presentación de su alegato en oposición al recurso de epígrafe.

Ese mismo día, el NSE presentó una *Solicitud de breve término adicional* en la que nos solicitó que le concediéramos un término adicional de diez (10) días para exponer su posición en cuanto al recurso.

El 8 de enero de 2024, emitimos una *Resolución* en la que le concedimos al NSE hasta el 19 de enero de 2024 para expresar su posición sobre el recurso y autorizamos la intervención solicitada por ACHC.

Ese mismo día, el NSE radicó un *Escrito en cumplimiento de Resolución* para exponer su posición en el que argumentó que procedía confirmar la determinación de la agencia.

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el derecho relevante a la controversia ante nos.

**II.**

El caso de marras tiene su génesis el 12 de abril de 2023 cuando la señora De León Monrouzeau fue despedida inmediatamente de su empleo en ACHC por un incidente ocurrido con una supervisora.

A raíz de ello, el 20 de abril de 2023, la recurrente solicitó los beneficios del seguro por desempleo al amparo de la Ley de

Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, según enmendada, 24 LPRA secs. 701 *et seq.*, (Ley Núm. 74-1956).

El 2 de mayo de 2023, el NSE emitió una *Transcripción de salarios y determinación monetaria* en la que se detallaron los beneficios a los que podría tener derecho la señora De León Monrouzeau.[2]

El 16 de mayo de 2023, el NSE emitió una *Determinación* en la que denegó la solicitud de beneficios promovida por la recurrente bajo el fundamento de que quedó descalificada por conducta incorrecta con relación al empleo (insubordinación), en virtud de la Sección 4(b)(3) de la Ley Núm. 74-1956, 29 LPRA sec. 704(b)(3).[3] En concreto, el NSE consignó la siguiente expresión:

> USTED FUE DESPEDIDO DE SU EMPLEO POR INSUBORDINACI[Ó]N. LA INFORMACI[Ó]N OBTENIDA REVELA QUE INCURRI[Ó] EN DICHA FALTA.
>
> SE CONSIDERA QUE UN TRABAJADOR QUE OBSERVE UNA ACTITUD INAPROPIADA, EN SU LUGAR DE TRABAJO, INCURRE EN CONDUCTA INCORRECTA EN RELACI[Ó]N CON SU EMPLEO.
>
> SE DESCALIFICA DESDE 4/23/23 E INDEFINIDAMENTE HASTA TANTO TRABAJE EN UN EMPLEO CUBIERTO DURANTE UN PERIODO NO MENOR DE CUATRO SEMANAS Y GANE DIEZ VECES SU BENEFICIO SEMANAL ASIGNADO.
> […]

En desacuerdo, la señora De León Monrouzeau radicó una *Apelación de determinación* en la que impugnó la *Determinación* del NSE.[4] En el escrito, la recurrente narró su versión de los hechos que motivaron el despido, los cuales tenían que ver con una discrepancia con la Subdirectora de Finanzas de ACHC por el pago de días de vacaciones. En esencia, planteó que no correspondía que se le privara del beneficio de seguro por desempleo a raíz del incidente.

---

[2] Íd., Anejo 1.
[3] Íd., Anejo 2.
[4] Íd., Anejo 4.

Posteriormente, el NSE emitió una *Orden y señalamiento de audiencia ante el árbitro: Audiencia telefónica* en la que citó a la recurrente y a su último patrono, ACHC, a una audiencia telefónica ante la Árbitra a celebrarse el 10 de julio de 2023.[5]

El 27 de junio de 2023, la señora De León Monrouzeau solicitó una audiencia presencial ante la Árbitra asignada al caso.[6]

El 28 de junio de 2023, la División de Apelaciones declaró No Ha Lugar la solicitud de audiencia presencial promovida por la recurrente.[7]

Posteriormente, el 5 de julio de 2023, la División de Apelaciones pospuso la audiencia telefónica.[8]

El 15 de agosto de 2023, se celebró la audiencia telefónica ante la Árbitra.[9]

El 22 de agosto de 2023, la señora De León Monrouzeau solicitó la inhibición de la Árbitra, basándose en que la funcionaria había solicitado empleo en el Poder Ejecutivo mientras presidía el caso.[10] A su entender, existía conflicto debido a que ACHC era una corporación cuasi pública con una Junta de Directores presidida por el alcalde del Municipio de Manatí, quien, a su vez, era afín políticamente al Gobernador de Puerto Rico.

Ese mismo día, la Árbitra emitió una *Resolución* en la que confirmó la *Determinación* del NSE y concluyó que la señora De León Monrouzeau era inelegible para los beneficios de compensación de seguro por desempleo.[11] Concretamente, consignó las siguientes determinaciones de hechos:

1. Reclamante trabajó para el patrono, Atenas Community Health Center, como Contable desde 16 de marzo de 2022 hasta el 12 de abril de 2023.

---

[5] Íd., Anejo 5.
[6] Íd., Anejo 6.
[7] Íd., Anejos 7 y 8.
[8] Íd., Anejos 9 y 10.
[9] Lo anterior surge de la posterior *Resolución* emitida por la Árbitra el 22 de agosto de 2023, véase Íd., Anejo 13.
[10] Íd., Anejo 12.
[11] Íd., Anejo 13.

2. Patrono condujo una investigación por hechos donde se le imputada [sic] a la reclamante faltas a las normas de conducta e insubordinación.
3. La reclamante bajo testimonio juramentado y no controvertido testificó que la Sra. Yaribet Ayala, Sub Directora de la Oficina de Recursos Humanos, se personó a tomarle su testimonio como parte del proceso interno investigativo. La reclamante de manera libre y voluntaria declinó presentar su testimonio y participar de la investigación realizada por patrono.
4. La investigación concluyó que la reclamante incurrió en las faltas imputadas.
5. La parte reclamante fue despedida por faltas a las normas de comportamiento apropiado de la empresa e insubordinación.

Asimismo, declaró No Ha Lugar la petición de inhibición promovida por la recurrente.

El 2 de septiembre de 2023, la señora De León Monrouzeau presentó una *Apelación de resolución* ante la Oficina de Apelaciones ante el Secretario en la que impugnó la *Resolución* emitida por la Árbitra.[12] En ella, adujo que el peso de la prueba le correspondía al patrono y que ACHC no presentó prueba documental alguna. Asimismo, esbozó que la Árbitra omitió de sus determinaciones de hechos varias declaraciones pertinentes y materiales hechas por la recurrente en la vista celebrada, impidiendo la justa resolución del caso.

El 5 de octubre de 2023, la Oficina de Apelaciones ante el Secretario emitió la *Decisión del Secretario del Trabajo y Recursos Humanos* recurrida en la que adoptó las determinaciones de la Árbitra y, en consecuencia, confirmó la *Resolución* apelada.[13]

El 18 de octubre de 2023, la señora De León Monrouzeau radicó una *Moción de reconsideración* en la que solicitó que la Oficina de Apelaciones ante el Secretario reconsiderara la determinación.[14] En ella, planteó que la decisión de la Árbitra la privaba del derecho propietario sobre los beneficios que la Ley Núm. 74-1956, *supra,* le proveía, que el peso de la prueba recaía sobre el patrono, que ACHC

---

[12] Íd., Anejo 14.
[13] Íd., Anejo 15.
[14] Íd., Anejo 16.

no presentó prueba documental y que la Árbitra omitió de sus determinaciones varias declaraciones, pertinentes y materiales, que se hicieron sin que el patrono las controvirtiera. Asimismo, adujo que, contrario a lo ventilado ante la Árbitra, la señora Yarivette Ayala no fungió como Subdirectora de Finanzas de la compañía.

El 27 de octubre de 2023, la Oficina de Apelaciones ante el Secretario emitió una *Decisión del Secretario del Trabajo y Recursos Humanos en reconsideración* en la que declaró No Ha Lugar la solicitud de reconsideración presentada por la recurrente.[15]

Inconforme, el 27 de noviembre de 2023, la señora De León Monrouzeau presentó el recurso de epígrafe y le imputó al organismo administrativo la comisión del siguiente error:

> Erró el Secretario del Departamento del Trabajo y Recursos Humanos en confirmar la decisión de la Árbitro sin el patrono haber presentado prueba documental alguna, ni testigos presenciales de la alegada conducta impropia por la cual se me despidió de inmediato, ni evidencia de acuse de recibo por mi persona del Reglamento *y/o* Manual de Empleados del patrono, tampoco Recursos Humanos tuvo algún tipo de acercamiento de su parte a quien subscribe en relaci[ó]n de alegada conducta impropia, excepto el mismo día del despido inmediato.

Según planteó, en la audiencia ante la Árbitra en la que la agencia basó su determinación final, no se presentó prueba documental alguna, ni testigos sobre el alegado incidente que provocó el despido. En adición, esbozó que las actuaciones de ACHC fueron arbitrarias y caprichosas, rechazó haber cometido una falta grave que motivara su despido injustificado y arguyó que ACHC no demostró hechos concretos que justificaran su despido inmediato. También, resaltó que, como cuestión de hechos, no hubo amonestaciones verbales ni escritas respecto a violaciones al Manual de Conducta del Empleado con anterioridad a la fecha del despido inmediato.

---

[15] Íd., Anejo 17.

El 29 de noviembre de 2023, emitimos una *Resolución* en la que le concedimos al Departamento del Trabajo y Recursos Humanos (DTRH) hasta el 27 de diciembre de 2023 para presentar su alegato en oposición.

El 27 de diciembre de 2023, ACHC radicó una *Solicitud de intervención y autorización para presentar Alegato del patrono en oposición a solicitud de revisión* en la que nos solicitó que autoricemos tanto su comparecencia como parte interventora en el pleito como la presentación de un alegato en oposición al recurso de epígrafe. Posteriormente, el 8 de enero de 2024, emitimos una *Resolución* en la que autorizamos la intervención de ACHC.

En el *Alegato del patrono en oposición a solicitud de revisión*, ACHC planteó que correspondía declarar No Ha Lugar la *Solicitud de revisión*. En su escrito, arguyó que: (1) la señora De León Monrouzeau no tiene legitimación activa para instar el presente recurso, toda vez que no puede demostrar que la determinación del NSE le ocasionó un daño preciso; (2) aún si tuviera legitimación, se debería denegar el recurso, puesto que la recurrente no demostró que la agencia erró al aplicar la ley, actuó de manera arbitraria, irrazonable o ilegal, o lesionó derechos constitucionales fundamentales; (3) las determinaciones de hecho de la Árbitra estuvieron basadas en el testimonio de la recurrente, quien admitió que incumplió con una solicitud del patrono, y de una representante del patrono, quien testificó con conocimiento personal sobre la investigación posterior que se llevó a cabo; y (4) la determinación recurrida merece entera deferencia por parte de esta Curia. También, subrayó que recaía en la recurrente el peso de la prueba de demostrar que la agencia basó su adjudicación de credibilidad o sus determinaciones de hecho o derecho en elementos de parcialidad, sin sustento en la prueba o irrazonablemente. Por

último, hizo hincapié en que la recurrente admitió que ocurrió un incidente con su supervisora.

El 8 de enero de 2024, el NSE radicó un *Escrito en cumplimiento de resolución* en el que argumentó que procedía confirmar la determinación de la agencia. En suma, planteó que la recurrente no nos puso en posición de variar la apreciación de la prueba por parte de la agencia, ni derrotó la presunción de legalidad y corrección que la cobija. Por un lado, arguyó que no presentó un método para la reproducción de la prueba desfilada ante la Árbitra. Por el otro, esbozó que, en la audiencia telefónica celebrada el 15 de agosto de 2023, declararon tanto la directora de Recursos Humanos de ACHC, la señora María Oquendo Rivera (señora Oquendo Rivera), como la señora De León Monrouzeau. Sobre el testimonio de la señora Oquendo Rivera, adujo que esta testificó sobre amonestaciones verbales que se le hicieron a la recurrente por violación al comportamiento de la empresa debido a faltas de respeto a su supervisora e insubordinación y sobre un incidente previo al despido. Sobre el testimonio de la recurrente, alegó que admitió que no atendió los requerimientos de su supervisora; que expulsó a la supervisora de su oficina en repetidos incidentes; y que no quiso participar en la investigación realizada por el patrono.

A continuación, esbozamos el derecho relevante a la controversia ante nos.

### III.

### A.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.*, (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio

dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. ***Capó Cruz v. Junta de Planificación***, 204 DPR 581, 590-591 (2020); ***Rolón Martínez v. Supte. Policía***, 201 DPR 26, 35 (2018). Es decir, que este tipo de revisión busca limitar la discreción de las agencias y garantizar que estas desempeñen sus funciones de acuerdo con los confines de la ley. ***García Reyes v. Cruz Auto Corp.***, 173 DPR 870, 891-892 (2008). De la mano con esto, es norma reiterada de derecho que los foros revisores le concederán gran deferencia y consideración a las decisiones de las agencias administrativas, debido a la vasta experiencia y el conocimiento especializado sobre los asuntos que le fueron delegados. ***Graciani Rodríguez v. Garage Isla Verde, LLC,*** 202 DPR 117, 126 (2019); ***Rolón Martínez v. Supte. Policía***, supra. Conforme a ello, los tribunales deben ser cautelosos al intervenir con las decisiones de los organismos administrativos. ***Metropolitana, S.E. v. A.R.Pe.***, 138 DPR 200, 213 (1995); ***Gallardo v. Clavell***, 131 DPR 275, 289–290 (1992).

Por las razones antes aludidas, las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. ***Capó Cruz v. Junta de Planificación***, supra; ***Rolón Martínez v. Supte. Policía***, supra; ***García v. Cruz Auto Corp.***, supra, pág. 892. La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. ***Misión Ind. P.R. v. J.P.***, 146 DPR 64, 130 (1998).

Así, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la <u>razonabilidad</u> en la actuación de la agencia. ***Rebollo v. Yiyi Motors,*** 161 DPR 69, 76 (2004). Cónsono con ello, será necesario determinar si la agencia

actuó de forma arbitraria, ilegal o de manera tan irrazonable que su actuación constituyó un abuso de discreción. ***Rolón Martínez v. Supte Policía,*** supra, pág. 35.

Según ha quedado establecido como norma general, el ejercicio de revisión judicial de una decisión administrativa se limita a tres asuntos: (1) la concesión del remedio apropiado; (2) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial que obra en el expediente administrativo; y (3) la revisión completa y absoluta de las conclusiones de derecho. ***Asoc. Fcias. v. Caribe Specialty et al. II***, 179 DPR 923, 940 (2010).

De esta forma, en el contexto de las <u>determinaciones de hechos</u> realizadas por las agencias administrativas, nuestro más alto foro ha pautado que los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo "si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad". ***Otero Mercado v. Toyota***, 163 DPR 716, 727-728 (2005); ***Domínguez v. Caguas Expressway Motors, Inc.***, 148 DPR 387, 397 (1999). Dentro de este marco, evidencia sustancial se entiende como "aquella evidencia pertinente que una mente razonable pueda aceptar como adecuada para sostener una conclusión". ***Ramírez v. Depto. de Salud***, 147 DPR 901, 905 (1999). Por ello, la parte que alegue que alegue ausencia de evidencia sustancial debe demostrar que existe:

> "[O]tra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial [...] hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba" que tuvo ante su consideración. ***Metropolitana S.E. v. A.R.Pe.***, 138 DPR 200, 213 (1995) citando a ***Hilton Hotels International, Inc. v. Junta de Salario Mínimo***, 74 DPR 670, 686 (1983).

En otras palabras, la parte recurrente tiene la obligación de derrotar la presunción de corrección de los procesos y de las decisiones

administrativas. **Fac. C. Soc. Aplicadas, Inc. v. C.E.S.**, 133 DPR 521, 532 (1993). Si no demuestra que existe esa otra prueba, las determinaciones de hechos del organismo administrativo deben ser sostenidas por el tribunal revisor. **Ramírez v. Depto. de Salud**, supra, pág. 905.

Ahora bien, cuando se trate de conclusiones de derecho que no envuelvan interpretaciones dentro del área de especialización de la agencia, éstas se revisarán por los tribunales sin circunscribirse al razonamiento que haya hecho la agencia. **Capó Cruz v. Junta de Planificación**, supra; **Pacheco v. Estancias**, 160 DPR 409, 432 (2003); **Rivera v. A & C Development Corp.**, 144 DPR 450, 461 (1997). Cuando las determinaciones de las agencias estén entremezcladas con conclusiones de derecho, el tribunal tendrá amplia facultad para revisarlas, como si fuesen una cuestión de derecho propiamente. **Pacheco v. Estancias**, supra, pág. 433; **Rivera v. A & C Development Corp.**, *supra*. En nuestro ordenamiento jurídico, es norma reiterada que, en el proceso de revisión judicial, los tribunales tienen la facultad de revocar al foro administrativo en materias jurídicas. Véase, además, la Sec. 4.5 de LPAU, 3 LPRA sec. 9675.

Es pertinente señalar que nuestro sistema de adjudicación administrativo busca "alentar la solución informal de las controversias", según establece la Sec. 1.2 de la LPAU, *supra* sec. 9602. Para ello, la LPAU permite que las agencias establezcan las reglas y procedimientos que regirán ante sí para la solución rápida e informal de las controversias; siempre salvaguardando los derechos garantizados por ley. Íd. Por lo cual, las agencias no quedan sometidas a un procedimiento rígido que obstaculiza la producción de una solución rápida, justa y económica. Íd.

En suma, la referida deferencia debe ceder cuando se demuestre que: (1) la decisión no está basada en evidencia

sustancial; (2) la agencia ha errado en la aplicación de la ley; (3) la actuación de la agencia resulta ser arbitraria, irrazonable o ilegal; y (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012) (*citando a **Empresas Ferrer v. A.R.PE.**, 172 DPR 254, 264 (2007)).

## B.

Cónsono con el deber de la parte que cuestiona una determinación de una agencia administrativa de derrotar la presunción de corrección y regularidad que las cobija, nuestro Tribunal Supremo ha establecido que cuando se impugna una determinación de hecho que se base en la prueba oral desfilada y la credibilidad que le mereció el foro, entonces corresponderá traer a la consideración la transcripción de la vista celebrada o una exposición narrativa de la prueba. *Graciani Rodríguez v. Garage Isla Verde, LLC,* 202 DPR 117, 129 (2019) citando a *Camacho Torres v. AAFET*, 168 DPR 66, 92 (2006). Es decir, el Tribunal de Apelaciones no debe intervenir con la apreciación de la prueba oral hecha por una agencia cuando no tenga forma de evaluar la evidencia presentada porque la parte promovente del recurso no haya elevado una transcripción o una exposición narrativa de la prueba. Íd.

Es por lo anterior que nuestra reglamentación del proceso apelativo regula la presentación de la reproducción de la prueba oral desfilada ante el ente administrativo. Íd. En específico, la Regla 66 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 66, prescribe lo siguiente:

> (A) Cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba y sea necesario recurrir a la reproducción de la prueba oral, la parte recurrente lo hará constar en moción por separado, presentada junto al escrito inicial de revisión. De no solicitarlo así la parte recurrente, las demás partes podrán efectuar igual solicitud dentro de diez días contados a partir de la notificación del recurso de revisión.

(B) En dicha moción la parte interesada sustanciará y probará la necesidad de recurrir a la prueba oral, con vista a las determinaciones de hechos de la agencia o del funcionario o funcionaria, haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. La omisión de cumplir con esta regla podrá dar lugar a que se declare sin lugar la moción.

(C) La reproducción de la prueba oral se hará conforme a lo estatuido en las Reglas 76 y 76.1 de este Reglamento, debiendo efectuar la agencia los trámites que corresponden al Tribunal de Primera Instancia.

### C.

La Ley Núm. 74-1956, *supra*, fue aprobada para promover la seguridad de empleos y proveer para el pago de compensación a personas desempleadas mediante la acumulación de reservas. 24 LPRA sec. 701. En aras de cumplir dicho propósito, la referida Ley prescribe, en su Sección 4, las condiciones para recibir el beneficio diseñado por el estatuto. *supra* sec. 704. Entre ellas, designó tanto criterios de elegibilidad como factores de descalificación, quedando estas últimas contenidas en el inciso (b) de la sección. 29 LPRA sec. 704(b). En lo pertinente, dicha sección establece lo siguiente:

> (b) Descalificaciones. — Un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director determine que:
> [...]
> (3) fue despedido o suspendido por conducta incorrecta en relación con su trabajo, en cuyo caso no podrá recibir beneficio por la semana en que fue despedido o suspendido y hasta que haya prestado servicios en empleo cubierto bajo esta ley o bajo la ley de cualquier estado de los Estados Unidos durante un período no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal; o
> [...] 29 LPRA sec. 704(b)(3).

Ahora bien, el procedimiento estatuido por la Ley Núm. 74-1956, *supra*, consiste, a grandes rasgos, en: (1) una determinación emitida por el Director del NSE respecto a las solicitudes que cualquier persona puede presentar para que se designe su condición de asegurado, conforme establece el inciso (b) de la Sección 5, 29 LPRA sec. 705(b); (2) la posibilidad de solicitar reconsideración ante el Director del NSE, según permite el inciso (g) de la Sección 5, 29

LPRA sec. 705(g); (3) la apelación de la determinación del Director ante un árbitro designado por el Secretario del Trabajo y Recursos Humanos, al amparo de la Sección 6, 29 LPRA sec. 706; y (4) la revisión final de la determinación del árbitro por el Secretario del Trabajo y Recursos Humanos.

**IV.**

En el caso de marras, la determinación final de la agencia recurrida sostuvo la denegatoria de beneficios por desempleo a la señora De León Monrouzeau tras concluir que fue despedida por haber incurrido en conducta incorrecta, consistente en faltas a las normas de comportamiento apropiado de la empresa e insubordinación. La decisión fue la culminación del proceso administrativo, promovido por la recurrente, en búsqueda de recibir dicho beneficio, provisto por la Ley Núm. 74-1956, *supra.* En dicho proceso se observaron todas las garantías del debido proceso de ley.

En desacuerdo, la señora De León Monrouzeau arguyó que el Secretario del Trabajo y Recursos Humanos erró al confirmar la denegatoria porque ACHC no presentó prueba documental, ni testigos de la alegada conducta impropia, ni evidencia de recibo del Reglamento o Manual de Empleados. Asimismo, en su imputación de error, señaló que la división de Recursos Humanos de ACHC no tuvo ningún acercamiento hacia la recurrente con relación a la alegada conducta impropia, excepto en el día de su despido. En suma, rechazó haber cometido una falta de tal gravedad que justificara su despido, planteó que las actuaciones del patrono fueron arbitrarias y caprichosas y argumentó que el patrono no demostró hechos que establecieran que el despido fue justificado.

Ahora bien, en su argumentación del error señalado, la recurrente cuestionó la apreciación de la prueba por parte de la Árbitra que presidió la presentación de evidencia sobre los hechos

del caso. No obstante, no acompañó su recurso de método alguno de reproducción de la prueba desfilada y examinada por la Árbitra.

En apoyo de la determinación recurrida, ACHC alegó que la recurrente carece de legitimación activa para promover el presente recurso, que tampoco demostró que la agencia erró o actuó arbitraria, irrazonable o ilegalmente, que las determinaciones de hecho se basaron en el testimonio desfilado y que la recurrente admitió que el incidente con la supervisora ocurrió. En consecuencia, arguyó que la debida deferencia a la agencia administrativa no debía ceder.

A lo anterior, se sumó la posición del NSE, comunicada por el Procurador General, mediante la que aseveró que la señora De León Monrouzeau no colocó a esta Curia en posición de variar la apreciación de la prueba por parte de la agencia, ni derrotó la presunción de corrección que cobija dicha determinación. Para sostener lo anterior, hizo referencia al testimonio vertido ante la agencia por la propia recurrente y por la directora de Recursos Humanos de ACHC sobre el incidente que provocó el despido.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, concluimos que no se cometió el error señalado y, por lo tanto, corresponde confirmar la determinación recurrida.

En primer lugar, la señora De León Monrouzeau no nos colocó en posición de evaluar efectiva y objetivamente el error imputado respecto a la apreciación de la prueba. En su escrito, la recurrente intentó cuestionar las determinaciones de hechos formuladas por la Árbitra, aduciendo que no se basaron en evidencia sustancial, que no se presentó prueba documental y que no se examinaron testigos del evento de conducta impropia. Sin embargo, no suministró método alguno de reproducción de la prueba examinada por la Árbitra, en incumplimiento de la Regla 66 del Reglamento del

Tribunal de Apelaciones, *supra.* Ello tiene un efecto fatal para su planteamiento de error relacionado a la apreciación de la prueba, toda vez que no es posible analizar la prueba desfilada en la audiencia celebrada el 15 de agosto de 2023 ante la agencia.

En segundo lugar, tampoco le asiste la razón en cuanto a los méritos de su reclamo. Por una parte, en definitiva, la recurrente no demostró que existe otra prueba en récord que razonablemente reduzca el peso de la evidencia considerada en este caso. Por la otra, tanto de su escrito ante esta Curia como de mociones presentadas ante el foro inferior surge que la recurrente admitió que hubo un incidente entre ella y su supervisora, lo cual desembocó en una investigación del patrono en la que decidió no participar ni aportar a su defensa. Sobre el suceso, se dedicó a reducir su magnitud, aduciendo que no debía justificar su despido inmediato, pese a reconocer que no atendió los planteamientos de su supervisora y que insistió en expulsarla de la oficina. Por lo anterior, no derrotó la presunción de corrección de la decisión administrativa en cuanto a las conclusiones de hecho y, aún más, no justificó preterir la deferencia que le debemos a dicho foro en esta materia.

En vista de lo precedente, procede confirmar la *Decisión del Secretario del Trabajo y Recursos Humanos.*

## V.

Por los fundamentos pormenorizados, se *confirma* la determinación recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones